UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Talon Overland, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>Synergies3 TEC Services, LLC,<br><br>    Defendant. | Civil Action No. 5:20-cv-00447<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S COLLECTIVE
COMPLAINT**

Plaintiff Talon Overland, individually and on behalf of other similarly situated installation technicians, states as follows for his Complaint against Defendant Synergies 3 Tec Services, LLC ("Synergies3" or "Defendant"):

**PRELIMINARY STATEMENT**

1. This is a collective action brought by Plaintiff Talon Overland ("Plaintiff"), on behalf of himself and all others similarly situated. Plaintiff and those similarly situated worked for Synergies3 as installation technicians, and were denied proper compensation as required by federal wage and hour laws.

2. Plaintiff filed a consent to be an opt-in plaintiff in a collective action styled *Jackson et al. v. Synergies3 TEC Services, LLC*, 4:19-cv-00178 (ED Mo.), which was filed on February 4, 2019. Plaintiff, along with other installation technicians, returned his consent after the *Jackson* court's December 30, 2019 deadline to join had passed. The *Jackson* court recently confirmed that all individuals who returned untimely consents are excluded from that case.

3. Plaintiff seeks unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Pursuant to the § 216(b) of the FLSA, Plaintiff bring this claim as a putative collective action on behalf of the FLSA Collective defined below.

4. Defendant misclassified Plaintiff and other similarly situated installation technicians as "independent contractors" and failed to pay them one and on-half (1.5) times their regular rate of pay for all hours worked over forty (40) in a workweek.

## THE PARTIES

5. Plaintiff Talon Overland resides in Randall County, Texas. He worked for Defendant as an installation technician from approximately September 2018 to October 2019. Plaintiff worked for Defendant out of its Lubbock, Texas office.

6. Synergies3 is a Texas limited liability company, registered to conduct business in Texas and other states across the country.

7. Synergies3 is a satellite installation provider for AT&T (DirecTV). It provides satellite installation services to AT&T customers across the United States.

8. Synergies3 is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, has had an annual gross volume of sales made or business done of not less than $500,000 at all relevant times.

9. Defendant has a practice of unlawfully and improperly classifying its installation technicians, including Plaintiff and those similarly situated, as "independent contractors."

10. Defendant maintained a practice of paying its installation technicians, including Plaintiff and the FLSA Collective, by piece rate and not paying them proper overtime compensation. Plaintiff, and other installation technicians, were under Defendant's direction and control and were all subject to the same unlawful pay practice.

## JURISDICTION & VENUE

11. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, because Plaintiff's claims arise under the FLSA.

12. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because it is where Synergies3 resides.

## FACTUAL ALLEGATIONS

13. Plaintiff and the FLSA Collective worked for Defendant as installation technicians.

14. Plaintiff and those similarly situated were paid on a piece-rate or per job basis.

15. Defendant's piece-rate or per job compensation plan did not properly pay Plaintiff and the similarly situated installation technicians overtime pay for the overtime hours they worked.

16. Defendant unlawfully classified Plaintiff and the FLSA Collective as "independent contractors" to avoid its obligations to pay overtime wages under federal law. Defendant also utilized its "independent contractor" misclassification scheme to improperly reap other benefits, including reducing its tax liability, avoiding workers' compensation, and passing operating costs on to its workforce.

17. Despite classifying Plaintiff and those similarly situated as "independent contractors," Defendant's installation technicians were and are, in fact, employees under federal law.

18. At all relevevant times, Defendant is, and has been, an "employer" of Plaintiff and those similarly situated within the meaning of the federal law.

19. Plaintiff and the FLSA Collective worked for Defendant on a full-time and continuing basis. Plaintiff and those similarly situated did not sell or advertise their services to the general public, or work for any other company other than Defendant.

20. Plaintiff and those similarly situated were also subject to Defendant's direction and control regarding the manner in which they performed their work. For instance:

   a. Defendant required its installation technicians to follow Defendant's instructions, processes, and policies regarding the methods by which their work was to be completed.

   b. Defendant supervised Plaintiff and the similarly situated installation technicians' work.

   c. Defendant required Plaintiff and the similarly situated installation technicians to use specific applications on their personal mobile phones and/or tablets to open and close work orders, and to track the work they completed each day.

   d. Defendant determined and set Plaintiff and the similarly situated installation technicians' schedules.

   e. Defendant's installation technicians did not generate their own business. Rather, the customers for whom they provided installation services for, were contracted through Defendant and/or Defendant's customers.

   f. Defendant determined Plaintiff and the similarly situated installation technicians' pay by setting the non-negotiable rates included in its piece-rate compensation structure.

   g. Defendant required Plaintiff and similarly situated installation technicians to attend meetings to discuss job performance and details and specifications related to the work to be completed for Defendant's customers.

   h. Defendant required installation technicians to obtain specific certifications in order to perform work for Defendant.

   i. Defendant required installation technicians to communicate any changes in their work schedule and/or hours to Defendant, in advance of the changes.

   j. Defendant had the ability to discipline its installation technicians if they did not follow Defendant's standards, policies and / or procedures.

21. Defendant has suffered and permitted Plaintiff to regularly work more than forty (40) hours a week without overtime compensation.

22. For example, during the workweek ending February 9, 2019, Plaintiff Overland estimates that he worked approximately 55 hours without receiving any overtime pay.

23. Defendant has also suffered and permitted other similarly situated installation technicians to regularly work more than forty (40) hours in a workweek without overtime compensation.

24. Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the FLSA Collective proper overtime compensation for all hours worked over forty (40) in a workweek.

25. Plaintiff repeatedly complained to Defendant about its improper classification of installation technicians as "independent contractors" and insisted that he was owed overtime for hours worked in excess of forty (40) in a workweek.  Defendant has also been sued on at least two different occasions for misclassifying the installation technician position.  *See Jones v. Synergies3 TEC Servs., LLC*, 4:18-cv-01161(E.D. Mo.); *Jackson v. Synergies3 TEC Servs., LLC*, 4:19-cv-00178 (E.D. Mo.).

26. Defendant did not keep accurate or complete records of the hours Plaintiff and other similarly situated installation technicians worked.

## COLLECTIVE ACTION ALLEGATIONS

27. Pursuant to FLSA, 29 U.S.C. § 216(b), Plaintiff's consent form is attached as **Exhibit A**. The consent form of opt-in Plaintiffs are attached as **Exhibit B**. As this case proceeds, it is likely other individuals will join this case as opt-in Plaintiffs.

28. Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff seek to certify the following FLSA Collective:

> All installation technicians who worked for Defendant and were classified as "independent contractors" at any time on or after October 30, 2019 (the "FLSA Collective") to the date of final judgment.

29. Upon information and belief, Defendant knew that Plaintiff and the FLSA Collective performed work that required overtime pay. Defendant operated under a scheme to deprive these workers of overtime compensation by misclassifying them as independent contractors and failing to properly compensate them for their overtime hours worked.

30. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective, and as such, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former installation technicians who have been denied overtime pay by Defendant in violation of the FLSA who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated installation technicians are known to Defendant and should be readily identifiable through Defendant's records.

## CAUSE OF ACTION

### COUNT I – OVERTIME WAGES
### FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201, *et seq.*
*On Behalf of Plaintiff and the FLSA Collective*

31. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

32. The FLSA requires employers to pay non-exempt employees overtime compensation at a rate of one and one-half (1.5) times their regular rate of pay for all hours worked over forty (40) in a workweek. *See* 29 U.S.C. § 207.

33. Plaintiff and the proposed FLSA Collective were or are employees of Defendant within the meaning of the FLSA.

34. Defendant is or was the employer of Plaintiff and the proposed FLSA Collective within the meaning of the FLSA, 29 U.S.C. § 203(d).

35. As a result of its unlawful classification of Plaintiff and FLSA Collective as "independent contractors," and its failure to pay them the overtime compensation required by law, Defendant has violated the provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2).

36. Defendant suffered and permitted Plaintiff and those similarly situated to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq.*, and its implementing regulations.

37. Defendant's failure to comply with the FLSA overtime protections caused Plaintiff and those similarly situated to suffer loss of wages and interest thereon.

38. Defendant knew, or showed reckless disregard for the fact, that it failed to pay these individuals proper overtime compensation in violation of the FLSA.

39. Defendant has not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated workers are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages and overtime compensation permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find that Plaintiff and the other installation technicians are not entitled to recover liquidated damages, then they are entitled to an award of prejudgment interest at the applicable legal rate.

40. Plaintiff and those similarly situated are entitled to unpaid overtime, liquidated damages, and attorney's fees and costs under the FLSA.

41. Plaintiff, on behalf of himself and the FLSA Collective, seek recovery of attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

WHEREFORE, on Count I of this Complaint, Plaintiff and all similarly situated installation technicians demand judgment against Defendant and pray for (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed under 29 U.S.C. § 261(b); (4) pre-judgment and post-judgment interest as provided by law; (5) leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and (6) such other relief as the Court deem fair and equitable.

Dated:  April 8, 2020

Respectfully Submitted:

s/ *Rachhana T. Srey*
Rachhana T. Srey, MN Bar No. 340133*
srey@nka.com
Jay Eidsness, MN Bar No. 0395347
jeidness@nka.com
NICHOLS KASTER, PLLP
4600 IDS Center, 80 S. 8th Street
Minneapolis, Minnesota 55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870

**Pro hac vice* application forthcoming

ATTORNEYS FOR PLAINTIFF AND
THOSE SIMILARLY SITUATED